IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11CR-117 |
| | § | |
| CHET JOSEPH LANDRY | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 30, 2013, alleging that the Defendant, Chet Joseph Landry, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on May 30, 2012, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offenses of wire fraud and making a false report, class C and D felonis, respectively. These offenses carried a statutory maximum imprisonment term of 20 and 5 years, respectively. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. The Defendant was sentenced to 36 months' imprisonment to be served concurrently as to each count followed by three years of supervised release subject to the standard

conditions of release, plus special conditions to include: drug aftercare, mental health aftercare, financial disclosure, intoxicant abstinence, $13,348.78 restitution, and a $200 fine.

On January 31, 2013, the Honorable Marcia A. Crone granted a Reduction of Sentence for Charged Circumstances, and the Defendant's term of imprisonment was subsequently reduced to 24 months' imprisonment followed by 3 years of supervised release with the same conditions of release.

## II.  The Period of Supervision

The Defendant completed his period of imprisonment on May 17, 2013, and began his term of supervised release.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on July 30, 2013, alleging two violations: 1) the Defendant was arrested and charged with possession of a controlled substance, cocaine, on June 10, 2013 in violation of his mandatory condition that he not commit another federal, state, or local crime; and 2) the Defendant was unsuccessfully discharged from Bannum Place of Beaumont LLC due to absconding from the facility in violation of his special condition that he reside in a residential reentry center for a period not to exceed 120 days.

## IV.  Proceedings

On August 13, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the second

allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall reside in a residential reentry center or similar facility for a period not to exceed 120 days to commence immediately. The Defendant shall observe the rules of that facility."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of ten (10) months and one (1) day of imprisonment and a one (1) year term of supervised release to be imposed after release. This includes the ninety-one (91) days of unserved community confinement at the Bannum Place of Beaumont LLC that is converted to an equivalent period of imprisonment.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offenses of conviction were a Class C and D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to successfully complete his community confinement, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the

conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(3), in the case of revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant currently has ninety-one (91) days of unserved community confinement.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the Court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that

was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than three years.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to successfully complete his community confinement. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to successfully complete his community confinement.

As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of ten (10) months and one (1) day of imprisonment and a one (1) year term of supervised release to be imposed after release. This includes the ninety-one (91) days of unserved community confinement at the Bannum Place of Beaumont LLC that is converted to an equivalent period of imprisonment.

## VII. Recommendations

1. The Court should find that the Defendant violated a special condition of supervised release by failing to successfully complete his community confinement.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to ten (10) months and one (1) day of imprisonment and a one (1) year term of supervised release to be imposed after release. This includes the ninety-one (91) days of unserved community confinement at the Bannum Place of Beaumont LLC that is converted to an equivalent period of imprisonment.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Lampoc, California. The undersigned requests the Court to recommend this facility to the Bureau of Prisons. If this request cannot be honored, the Defendant requested that he NOT be placed at the FCC in Beaumont or Forrest City, Arkansas.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 15th day of August, 2013.

_____
Zack Hawthorn
United States Magistrate Judge