# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11-CR-117 |
| | § | |
| CHET JOSEPH LANDRY | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 2, 2015, alleging that the Defendant, Chet Joseph Landry, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Chet Joseph Landry was sentenced on May 30, 2012, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offenses of: count one wire fraud, a class C felony and count ten making a false statement, a class D felony. Count one carried a statutory maximum imprisonment term of 20 years and count ten carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. Landry was subsequently sentenced to 36 months' imprisonment as to each count to run concurrently, followed by 3 years of supervised release as to each count to run concurrently, subject to the standard

conditions of release, plus special conditions to include: drug aftercare, mental health aftercare, financial disclosure, intoxicant abstinence, $13,348.78 restitution, and $200 special assessment.

On January 31, 2013, the Honorable Marcia Crone granted a reduction of sentence for changed circumstances, and Landry's term of imprisonment was reduced to 24 months' imprisonment.

## II. The Period of Supervision

On May 17, 2013, Landry completed his period of imprisonment and began service of the supervision term. On June 13, 2013, Landry's conditions of supervised release were modified to include 120 days placement in a residential reentry center. On September 10, 2013, Landry's term of supervised release was revoked and he was sentenced to ten months and one day imprisonment with one year of supervised release to follow, as to each count, to be served concurrently.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on September 2, 2015, alleging two allegations: (1) Landry violated his standard condition that he report to the probation officer and submit a written report each month by failing to report on August 14, 2015; and 2) he violated a standard condition that he notify his probation officer ten days prior to any change of residence or employment by leaving the residence of his grandmother without notifying probation of his whereabouts.

## IV. Proceedings

On October 7, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation in the petition that he failed to report to his probation officer. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment, with no supervised release to follow to run concurrently with his revocation sentence in case number 6:14-CR-16.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were Class C and D felonies; therefore, the maximum imprisonment sentence is 2 years for each offense. However, due to a previous revocation of his supervised release, his new statutory maximum term is approximately 13 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by committing another crime, the Defendant will

be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

According to U.S.S.G. § 7B1.4(a), in the case of revocation of supervised release based upon a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months. According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition by failing to report to his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. The adjusted guideline imprisonment range is 6 to 12 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eight (8) months' imprisonment, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to report to his probation officer. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to eight (8) months' imprisonment with no supervised

release to follow, which shall run concurrently with his revocation sentence in case number 6:14-CR-16.

The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Atlanta, Georgia. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of

fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of October, 2015.

_____
Zack Hawthorn
United States Magistrate Judge